REGINA E. LANE *v.* KENNETH H. LANE
(AC 19592)

Schaller, Spear and Hennessy, Js.

Argued April 3—officially released July 10, 2001

*Regina E. Lane*, pro se, the appellant (plaintiff).

*Kenneth H. Lane*, pro se, the appellee (defendant).

*Louis I. Parley,* for the minor children.

*Opinion*

PER CURIAM. The plaintiff, Regina Lane, appeals from the judgments of the trial court rendered following the granting of the motions of the defendant, Kenneth Lane, for modification of custody of the parties' minor children and to find the plaintiff in contempt of the court's order that required the plaintiff to consult with the defendant on all nonemergency health care involving the minor children.[1] We affirm the judgments of the trial court.

The court dissolved the parties' marriage on July 18, 1997, awarded the plaintiff sole custody of the three minor children and granted the defendant specific parenting time rights. The defendant subsequently filed a motion for modification of custody, claiming that the plaintiff had interfered with his visitation rights, that she had attempted to alienate the children from him and that she did not consult with him with respect to nonemergency medical treatment of the children.

After a twenty-four day trial, the trial court set forth a comprehensive eighty-six page opinion in which it concluded that the plaintiff was depriving the children of a relationship with their father and the defendant father of a relationship with his children. The court found this to be a substantial change in circumstances and granted the defendant's motion for modification of custody.

"The authority to render orders of custody and visitation are found in General Statutes § 46b-56, which provides in part: (a) In any controversy before the superior court as to the custody or care of minor children . . .

---

[1] The plaintiff has set forth twenty-two issues, most of which do not directly address the modification of custody judgment or the judgment of contempt and the fine connected therewith.

the court may at any time make or modify any proper order regarding . . . custody and visitation . . . . (b) In making any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child . . . . Before a trial court may modify a custody order, it must find that there has been a material change in circumstance since the prior order of the court, but the ultimate test is the best interests of the child." (Internal quotation marks omitted.) *Brubeck* v. *Burns-Brubeck*, 42 Conn. App. 583, 585, 680 A.2d 327 (1996). "The sole question is whether the trial court abused its discretion in deciding that the best interests of the child would be served by [granting the defendant's motion]. The trial court had the advantage of observing the witnesses and the parties. Considerable evidence was presented concerning the activities of the parties since [the dissolution of the marriage]. In circumstances like these, whether the best interests of the [child] dictate a change of custody is left to the broad discretion of the trial court. . . . A mere difference of opinion or judgment cannot justify the intervention of this court. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." (Citations omitted; internal quotation marks omitted.) Id., 586–87. The trial court in the present case had ample evidence before it to conclude that there had been a substantial change in circumstances and that a change in custody was in the best interests of the children. We conclude that the court did not abuse its discretion.

The plaintiff also claims that the court abused its discretion when it found her in wilful contempt of the court order that "the plaintiff shall not initiate medical, therapy or educational care for the children without the prior written consent of the defendant except in the case of emergency." The plaintiff claimed that the six week old growth on her son's wrist required immedi-

ate medical attention and that she was unable to request and to receive a response from the defendant in time. The plaintiff also claimed that she took her daughter for medical treatment of a month old lump and did not have the time to attain a written response from the defendant concerning this treatment. The court found "after hearing all the testimony and examining all the evidence, that the plaintiff, Regina Lane, wilfully and knowingly violated the court's order" and fined the plaintiff $200 for the incident with respect to her daughter and further fined the plaintiff $250 for the incident with respect to her son.

"Appellate review of a contempt adjudication is limited to determining questions of jurisdiction such as whether the act for which the penalty was imposed could constitute contempt, and whether the punishment imposed was within the authority of the court." *Tatro* v. *Tatro*, 24 Conn. App. 180, 185, 587 A.2d 154 (1991). In the matter before us, it is clear that the court could have found, on the basis of the admissions of the plaintiff, that the reasons given for her taking the children for medical treatment were not of an emergency nature and were done without prior written consent of the defendant in direct violation of the court's order. The fines imposed as a result of the contempts were well within the authority and discretion of the court.

The judgments are affirmed.