## STATE OF CONNECTICUT *v.* ROBERT L. HAIR
## (AC 21407)

Lavery, C. J., and Schaller and Flynn, Js.

Argued October 29, 2001—officially released March 26, 2002

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Robert L. Hair, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a),[1] criminal possession of a pistol or revolver in violation of General Statutes (Rev. to 1999) § 53a-217c[2] and an enhanced sentence pursuant to General Statutes § 53-202k.[3] On appeal, the defendant claims that the trial

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

[2] Although the state's amended information identified the charge as "criminal possession of a firearm," the proper title of General Statutes (Rev. to 1999) § 53a-217c is "Criminal possession of a pistol or revolver."

General Statutes (Rev. to 1999) § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver when he possesses a pistol or revolver, as defined in section 29-27, and (1) has been convicted of a felony . . . ."

[3] General Statutes § 53-202k provides: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3, except an assault weapon, as defined in section 53-202a, shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

court (1) abused its discretion in denying his motion to sever the murder charge from the remaining charges against him and (2) improperly instructed the jury regarding the charge of criminal possession of a pistol or revolver. We affirm, in part, and reverse, in part, the judgment of the trial court.

The jury reasonably could have found the following facts. On March 6, 1999, the defendant and the victim, Shawn Jeffries, had an altercation in a parking lot near the victim's apartment. A neighbor observed the victim pushing the defendant into a utility box. The victim returned to his apartment upset. The victim's fiancee, Ebony Harper, went outside to find out from the defendant why the victim was upset. Soon thereafter, the victim went outside to join Harper, who had just approached the defendant. As the victim reached Harper's side, the defendant shot the victim twice. The defendant ran to a white vehicle and drove away. The victim died soon thereafter. A .45 caliber bullet and spent casing were found at the scene.

Three days later, the defendant was arrested in a friend's apartment. During a search of the apartment, the police found a nine millimeter handgun in a closet. The defendant admitted that the handgun was his and that he had purchased it for his protection two days after the shooting because he was warned that people were after him.

The defendant initially was charged with (1) murder in violation of §§ 53a-54a (a) and 53-202k, (2) criminal possession of a firearm in violation of General Statutes (Rev. to 1999) § 53a-217 and (3) illegal alteration of a firearm identification mark in violation of General Statutes § 29-36. Prior to trial, the defendant filed a motion to sever the murder charge from the weapons charges on the ground that the weapons charges were unrelated to the murder charge and that a single trial on all three charges would substantially prejudice his

right to a fair trial on the murder charge.[4] The court denied the motion, concluding that there could be a connection between the homicide and the arrest that resulted in the weapons charges, and that it was not confusing for the jury to view them as two separate events. See footnote 5.

The defendant subsequently stipulated that previously he had been convicted of forgery in the second degree, a class D felony. An amended information was filed, which omitted the third charge regarding the illegal alteration of a firearm identification mark in violation of § 29-36. The court informed the jury of the stipulation regarding the previous conviction and that the third charge had been withdrawn. The court in its jury instructions twice cautioned the jury that the use of the defendant's prior forgery conviction had a limited purpose with respect to the charge of criminal possession of a pistol or revolver.[5] The court further instructed

---

[4] In the defendant's motion to sever, he argued that the gun seizure took place nearly three days after the alleged murder. In addition, the defendant argued that the gun was seized at a different location from where the alleged murder occurred. Furthermore, he argued that the seized gun was not the gun that was used to commit the murder alleged in count one of the information. The defendant argued, therefore, that the failure to sever the weapons charges from the murder charge would substantially prejudice his right to a fair trial.

The court denied the defendant's motion to sever after considering *State v. Banta*, 15 Conn. App. 161, 166–72, 544 A.2d 1226, cert. denied, 209 Conn. 815, 550 A.2d 1086 (1988), and the five factors outlined in *State v. Carpenter*, 19 Conn. App. 48, 62–63, 562 A.2d 35, cert. denied, 213 Conn. 804, 567 A.2d 834 (1989). The court found that there could have been a connection between the alleged murder and the circumstances surrounding the arrest three days later, which brought about the weapons charges, and that there were easily distinguishable factual scenarios between the different counts. The court, therefore, concluded that combining the charges would not be confusing to the jury. Furthermore, the court determined that denying the motion to sever would expedite the trial proceedings and foster economy of judicial resources because a substantial portion of the facts was the same.

[5] The court instructed the jury regarding the weapons possession charge in relevant part: "So you have the three—the three elements of the crime, each of which must be proven beyond a reasonable doubt, and that third element about the conviction had been agreed to and stipulated by counsel

the jury to consider the counts separately. The jury convicted the defendant on both counts.[6] The court sentenced the defendant to a term of forty years on the murder count and five years on the second count to run concurrently with the first count. The court further ordered that the defendant's sentence on the first count be enhanced by five years for having committed a class A, B or C felony with a firearm. The defendant received a total effective sentence of forty-five years. This appeal followed. Additional facts will be provided as necessary.

I

The defendant claims that the court abused its discretion in denying his motion to sever the charge of murder from the charges of criminal possession of a pistol or revolver and illegal alteration of the serial number of a firearm because the joinder substantially prejudiced him in violation of his right to a fair trial. The defendant argues that the state's presentation of evidence did not prevent jury confusion, and that he was substantially prejudiced because the jury confused the evidence of the nine millimeter handgun and its oversized cartridge and bullets with the evidence pertaining to the murder charge in finding him guilty of murder, and in determining the number and nature of the charged crimes. We do not agree.

Our standard of review of the denial of a motion to sever is whether there was an abuse of discretion. "Our

and need not to have been proven independently."

After the jury was excused, the state suggested clarification regarding the limited use of the stipulation concerning the past conviction. Thereafter, the court instructed the jury, stating: "As you recall, I indicated to you that by stipulation, the parties had agreed that the element of a conviction for the possession of a firearm had been stipulated and agreed between the parties, forgery in the second degree. You are to consider that solely for that purpose and for no other purpose in the case. Solely for meeting the element of that particular crime."

[6] The parties further stipulated that if the defendant was convicted of murder or any lesser included offense, the requirements of General Statutes § 53-202k for the purpose of sentence enhancement would be satisfied.

rules of practice allow a trial court to order, sua sponte or upon motion of the defendant, a separate trial of two offenses if it appears that the defendant is prejudiced by the joinder of the offenses. See Practice Book § 41-18 . . . ." *State* v. *Davis*, 51 Conn. App. 171, 180, 721 A.2d 146 (1998). "The court's discretion regarding joinder, however, is not unlimited; rather, that discretion must be exercised in a manner consistent with the defendant's right to a fair trial. Consequently, we have identified several factors that a trial court should consider in deciding whether a severance may be necessary to avoid undue prejudice resulting from consolidation of multiple charges for trial. These factors include: (1) whether the charges involve discrete, easily distinguishable factual scenarios; (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part; and (3) the duration and complexity of the trial. . . . If any or all of these factors are present, a reviewing court must decide whether the trial court's jury instructions cured any prejudice that might have occurred." (Internal quotation marks omitted.) *State* v. *Delgado*, 243 Conn. 523, 532–33, 707 A.2d 1 (1998).

We conclude that the defendant failed to show that he was substantially prejudiced because the charges were tried together. The murder charge and the weapons possession charge involved discrete and easily distinguishable factual scenarios. Although related to the defendant's arrest in connection with the murder charge, the weapons possession charge arose as a result of an incident that occurred three days after the murder. Furthermore, the weapon relating to the possession charge was not the weapon used in the murder. With regard to the factor concerning a violent crime or brutal or shocking conduct, we conclude that neither of the crimes was brutal or shocking to the extent that severance was warranted. See, e.g., id., 534–35 (concluding

that even though injuries that resulted in death were shocking, no serious prejudice occurred when court refused to sever charge of manslaughter from charge of risk of injury to child). Moreover, the five day trial in this case involving two charges was not so long or complex that the jury was likely to be confused. See, e.g., *State* v. *Banks*, 59 Conn. App. 112, 124, 755 A.2d 951 (concluding that six day trial involving two incidents not so long or complex that jury was confused), cert. denied, 254 Conn. 950, 762 A.2d 904 (2000).

The defendant further argues that the court improperly denied his motion to sever because the introduction of his prior felony conviction for purposes of the weapons charge was prejudicial with regard to the murder charge. Specifically, the defendant argues that the jury found his claim of self-defense as to the murder charge unbelievable because the fact that he was a convicted felon who possessed a nine millimeter handgun led the jury to find that he was a bad person. Moreover, he argues that the nature of the prior felony conviction, forgery in the second degree, led the jury to believe that he was not worthy of belief with regard to his claim of self-defense. We do not agree.

When analyzing whether a defendant was prejudiced by the introduction of evidence of prior convictions for the purpose of establishing the elements of a violation of § 53a-217c, we note that in *State* v. *Abraham*, 64 Conn. App. 384, 780 A.2d 223, cert. denied, 258 Conn. 917, 782 A.2d 1246 (2001), we applied the factors set forth in *State* v. *Banta*, 15 Conn. App. 161, 170–71, 544 A.2d 1226, cert. denied, 209 Conn. 815, 550 A.2d 1086 (1988): "(1) the manner in which the evidence entered the case and the extent of the jury's knowledge of the facts underlying the prior felony conviction, (2) the adequacy of any cautionary instructions given by the court, (3) the use of the prior felony evidence by the prosecution in argument to the jury, (4) the likelihood

that the prior felony conviction evidence will inflame the passions of the jurors in light of the nature of the offenses charged and (5) the strength of the evidence against the defendant." (Internal quotation marks omitted.) *State* v. *Abraham,* supra, 398–99.

The record and transcripts in this case lead us to conclude that the introduction of evidence of the defendant's prior conviction did not prejudice him, nor did it deprive him of a fair trial. Because the defendant admits that the first and third *Banta* factors favor affirming the court's denial of the motion to sever, we limit our discussion to the second, fourth and fifth factors. The cautionary instructions given by the court were adequate to prevent prejudice on the part of the jury that could result from the jury's knowledge of the defendant's past conviction. The court cautioned the jury to use its knowledge of the prior conviction for the limited purpose of satisfying that element of the weapons possession charge after the state raised the issue. Later, the jury requested a written copy of the instruction on the weapons possession count. A court may, in its discretion, submit a copy or tape recording of the jury instructions. Practice Book § 42-23 (b) (3). The court instead reread the instruction on the weapons possession count and again cautioned the jury about the limited use of the prior conviction in accordance with Practice Book § 42-27. There was little likelihood that the prior felony conviction evidence inflamed the passions of the jury in light of the nature of the offenses charged. The prior felony conviction was for forgery, a crime unlike the pending charges of murder and weapons possession. The prior conviction of forgery may have been similar in nature to the third charge of illegal alteration of a firearm identification mark, but when the state withdrew the third charge, the likelihood, if there was any, that the passions of the jury would be inflamed was significantly reduced. Finally, the strength

of the evidence against the defendant was sufficient for a guilty verdict. We conclude, therefore, that the defendant was not prejudiced and that the court did not abuse its discretion when it denied his motion to sever.

## II

The defendant claims that he was denied his right to due process and a fair trial when the court improperly instructed the jury regarding the charge of criminal possession of a pistol or revolver. Specifically, the defendant argues that the court improperly instructed the jury on the elements of criminal possession of a firearm pursuant to § 53a-217, rather than on the elements of the charged crime, possession of a pistol or revolver in violation of § 53a-217c. He argues that there was insufficient evidence to convict him of violating § 53a-217, the statute on which the court instructed the jury, because he did not satisfy the prior felony conviction element contained in § 53a-217. He argues that the jury, therefore, improperly found him guilty of a crime on which the jury was not instructed, that is § 53a-217c.

The following additional facts are necessary for a resolution of the defendant's claim. The state's amended information charged the defendant with "criminal possession of a firearm"[7] in violation of § 53a-217c. The court, however, instructed the jury that the defendant was charged with criminal possession of a firearm in violation of § 53a-217,[8] which requires that

---

[7] The title of General Statutes (Rev. to 1999) § 53a-217c is "Criminal possession of a pistol or revolver," not criminal possession of a firearm. See footnote 2.

[8] General Statutes (Rev. to 1999) § 53a-217 provides in relevant part: "A person is guilty of criminal possession of a firearm or electronic defense weapon when he possesses a firearm or electronic defense weapon and (1) has been convicted of a capital felony, a class A felony, except a conviction under section 53a-196a, a class B felony, except a conviction under section 53a-86, 53a-122 or 53a-196b, a class C felony, except a conviction under section 53a-87, 53a-152 or 53a-153, or a class D felony under sections 53a-60 to 53a-60c, inclusive, 53a-72a, 53a-72b, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216 . . . ."

he previously had been convicted of one of certain enumerated felonies so as to satisfy that statute's prior conviction element.[9] The defendant's prior conviction of forgery in the second degree is not an enumerated felony that satisfies the prior conviction element of § 53a-217, but is a prior conviction that satisfies the prior conviction element of § 53a-217c. The jury found the defendant guilty.

The defendant failed to object to the jury instructions or to seek a judgment of acquittal following the jury's guilty verdict. He seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[10] or, in the alternative, under the plain error doctrine. Pursuant to Practice Book § 60-5, this "court may reverse or modify the decision of the trial court if it determines that the

[9] The court instructed the jury as follows: "The second count of the information is criminal possession of a firearm. The defendant is charged with criminal possession of a firearm in violation of § 53a-217 of our Connecticut statutes, which, in pertinent part, provides as follows: A person is guilty of criminal possession of a firearm when he possesses a firearm and has been convicted of certain enumerated felonies. For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt. One, that the defendant possessed a firearm, two, that the firearm was operable, meaning it was capable of being discharged at the time of the alleged possession and, three, at the time he possessed the firearm, the defendant had previously been convicted of one of the enumerated felonies. . . . *Convicted, the parties stipulated that the defendant in this action, uh, had been convicted of one of the statutes enumerated for this statute to become operative.* So you have the three—the three elements of the crime, each of which must be proven beyond a reasonable doubt, and that third element about the conviction had been agreed to and stipulated by counsel and need not to have been proven independently." (Emphasis added.)

[10] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. . . . The court may in the interests of justice notice plain error . . . ." We recently restated that "[t]o prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . This doctrine is not implicated and review of the claimed error is not undertaken unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Silva*, 65 Conn. App. 234, 243–44, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001). We review the defendant's claim under the plain error doctrine.[11]

"We begin by noting that an improper jury instruction as to an essential element of the crime charged may

[11] The state argues that the incorrect instruction was harmless. The state argues that the only relevant difference between possession of a firearm in violation of General Statutes (Rev. to 1999) § 53a-217, the crime as to which the court instructed the jury, and General Statutes (Rev. to 1999) § 53a-217c, is that the former restricts eligible felonies to those enumerated in the statute. Proof of possession of a pistol or revolver in violation of § 53a-217c, the crime charged in the amended information, is unrestricted in that it is satisfied by proof of any prior felony conviction. The state argues that this distinction is without significance in the present case because the defendant's prior forgery conviction manifestly satisfies § 53a-217c and, despite the mistake made by the court in its charge, that is the provision with which the defendant was charged, convicted and sentenced. Not every case requires a harmless error analysis to determine if the plain error involved requires reversal. *State* v. *Hedman*, 62 Conn. App. 403, 412, 772 A.2d 603, cert. granted on other grounds, 256 Conn. 909, 772 A.2d 602 (2001). For example, a court's failure to give a jury a "no adverse inference" instruction pursuant to General Statutes § 54-84 (b) is plain error and is not subject to harmless error analysis because the omission can never be harmless. *State* v. *Suplicki*, 33 Conn. App. 126, 130, 634 A.2d 1179 (1993), cert. denied, 229 Conn. 920, 642 A.2d 1216 (1994). Here, the court failed to instruct the jury on § 53a-217c, the crime charged. Rather, the court instructed the jury on § 53a-217. We note that the court's failure to instruct on § 53a-217c, the crime charged, is plain error that is not subject to harmless error analysis.

result in the violation of the defendant's due process right to a fair trial, and thus require the reversal of a conviction based upon that instruction. . . . When reviewing the challenged jury instruction, however, we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Citations omitted; internal quotation marks omitted.) *State* v. *Leroy*, 232 Conn. 1, 7–8, 653 A.2d 161 (1995).

We conclude that it was plain error for the court to instruct the jury on an offense with which the defendant was not charged and then to accept the jury's guilty verdict on an offense as to which the jury had not been instructed. The court's instructions were not correct in law. The defendant was charged with a violation of § 53a-217c, but the court instructed the jury on § 53a-217. Although §§ 53a-217 and 53a-217c are similar, there are significant differences between them. Different definitions of "firearm"[12] and "pistol or revolver"[13] were intended by the legislature. *State* v. *Banks*, supra, 59 Conn. App. 130–32 (concluding that definition of "firearm" requires that it be operable whereas definition of

---

[12] General Statutes § 53a-3 (19), which applies to § 53a-217, defines "firearm" as "any sawed-off shotgun, machine gun, rifle, shotgun, pistol, revolver or other weapon, whether loaded or unloaded from which a shot may be discharged . . . ."

[13] General Statutes § 29-27, which applies to § 53a-217c, defines the term "pistol or revolver" as "any firearm having a barrel less than twelve inches in length."

"pistol or revolver" does not). Furthermore, although §§ 53a-217 and 53a-217c are both class D felonies, two years of the sentence imposed under § 53a-217 may not be suspended or reduced by the court. To treat §§ 53a-217 and 53a-217c as though they were interchangeable would undermine the established principle that "[n]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . ." (Internal quotation marks omitted.) Id., 131. Moreover, the court instructed the jury that the parties had stipulated that the prior conviction element was satisfied. The parties, however, did not stipulate that the prior forgery conviction satisfied the prior conviction element of § 53a-217. Rather, they stipulated that the prior conviction element of § 53a-217c was satisfied. We conclude that the claimed improper instruction is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. To allow a jury to convict the defendant for a crime as to which the jury was not instructed would undermine the fairness and integrity of and public confidence in the judicial proceedings.

The judgment is reversed with respect to the conviction of possession of a pistol or revolver in violation of § 53a-217c and the case is remanded for a new trial. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.