# DEBORAH K. SHEIMAN *v.* STUART M. SHEIMAN
## (AC 21515)

Schaller, Flynn and West, Js.

Argued June 4—officially released September 10, 2002

*Stuart M. Sheiman*, pro se, the appellant (defendant).

*Andrew D. Cretella*, with whom was *Michael R. Carter*, for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, Stuart M. Sheiman, appeals from the judgment of the trial court modifying the custody of the parties' minor child. On appeal, the defendant claims that the court improperly (1) failed to provide him with a fair hearing with regard to the rules of evidence and trial practice, (2) granted the plaintiff's motion to modify custody without finding a material change in the circumstances and conditions of the parties, (3) denied the defendant's motion to strike the plaintiff's motion to modify custody, (4) granted the oral motion in limine of the minor child's counsel in violation of Practice Book § 15-3 and (5) permitted counsel for the minor child to assert the child's privilege under General Statutes § 52-146c (3) with respect to the confidentiality of certain of the child's treatment records without appointing a guardian ad litem. We affirm the judgment of the trial court.

The plaintiff, Deborah K. Sheiman, and the defendant were married in Connecticut in 1979. One child, a daughter, was born of the marriage in 1987. The parties' marriage was dissolved pursuant to a judgment rendered on May 13, 1992. The dissolution court granted the defendant sole custody of the child and awarded the plaintiff reasonable rights of access and visitation. On August 4, 1999, the plaintiff filed a motion for modifica-

tion of custody, claiming that since the dissolution, there had been "substantial changes in the circumstances of the parties and of the child in that the child, who is twelve years old, has expressed a profound preference to be with the plaintiff mother, and there [have] been other changes in circumstances which will be made known to the court."[1]

Following an evidentiary hearing, the court granted the motion and awarded the plaintiff sole custody of the child.[2] The defendant was granted visitation rights to be exercised only at the behest of the child. In its memorandum of decision, the court recited the difficult psychological circumstances of the parties and their daughter. To wit, "[t]he threshold issue is the clear change in circumstances which occurred since the date of the last custody review. It is patent that the defendant engaged in such erratic and unreasonable behavior in his parenting activities that not only have circumstances changed, but there is a desperate need for a legal change. The most revealing, and disturbing, testimony came from the family services officer, [who] advised the court, in response to a query, that its real 'job' in this matter was choosing the [*less*] *harmful* custodian rather than the [better] custodian."[3] (Emphasis in original.)

The court found that the assessments of the family services worker were supported by the testimony of the parties and other witnesses at the modification hearing. Those assessments were that the child is steadfast in her insistence that she does not want to see the defendant. During her home visits, the family services worker

---

[1] The facts reveal that the parties' child already was living with the plaintiff and that the motion sought judicial approval of the circumstances.

[2] The child was represented by counsel, who took an active part in the hearing.

[3] The court also indicated that it inferred from the judgment of the dissolution court that it had "to choose the lesser of two flawed choices."

observed no expressions of affection between the child and the defendant and the child had nothing to say to the defendant. The child might reconsider her refusal to visit with the defendant if the defendant gets help for his anger. The defendant was loud and abusive toward the family services worker. The child is frightened that the court will order her to return to the defendant's home. The defendant is completely unwilling to recognize or accept his responsibility for the breakdown in his relationship with the child. Since the child moved into the plaintiff's home, the defendant has made no effort to contribute to the child's support.

By contrast, the court found that there is warmth and affection between the child and the plaintiff. They engage well verbally. The plaintiff has been unsuccessful in her efforts to encourage the child to visit with the defendant. Although the child's school work has "slipped" somewhat since she left the defendant's home, this problem is offset by her dramatically improved socialization, which is a positive. The child has not been coached or coerced as to her living and custodial preference. The child's personality probably is stronger than the plaintiff's, and she is capable of making mature and competent decisions.

In addition, the court also recited its observations of the defendant's demeanor and behavior during the hearing and noted that the defendant is capable of verbally abusive conduct. He verbally abused the child's counsel on numerous occasions. In the courtroom, the defendant was impolite and discourteous to all. He devoted most of his energy to vilifying the plaintiff. He also abused the legal process to obtain the plaintiff's private records.

I

The defendant's first claim is based on his perception that the court did not provide him with a fair hearing

and was predisposed to grant the plaintiff's motion for modification. We are not persuaded.

The basis of the defendant's claim lies in comments made by the court after a short calendar hearing held approximately six weeks before the hearing on the motion to modify custody. On the basis of the court's statements, the defendant claims that the court had prejudged the motion to modify before hearing the evidence and that the court's findings were influenced by its predisposition. The defendant asks this court to afford plain error review to his claim and to read the entire transcript to elucidate his claim. The defendant did not file a motion seeking to have the trial court recuse itself.

"The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ." Practice Book § 60-5. "[T]o prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . The doctrine is not implicated and review of the claimed error is not undertaken unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Hair*, 68 Conn. App. 695, 705, 792 A.2d 179, cert. denied, 260 Conn. 925, 797 A.2d 522 (2002).

We have reviewed in its entirety the transcript of the short calendar hearing to which the defendant makes

reference as the basis of his claim. The subject of the hearing was a motion for contempt filed by the counsel for the child in an effort to secure court-ordered treatment for the child. Both the plaintiff and the defendant had been unable or unwilling to agree as to who or how the bill for the treatment would be paid. The transcript reveals that securing treatment for the child was a time-consuming process and that the parties could not work together. Although we agree with the defendant that the court's remarks were ill-advised, we cannot conclude that they were partial to one side or the other or that they indicate that the defendant would not receive a fair hearing. The court's remarks were addressed to the parties together and the manner in which they had conducted themselves with respect to their child. Although it would have been better for the court to refrain from giving voice to its frustration with the parties,[4] we cannot conclude that the court was predisposed to grant the plaintiff's motion to modify custody, as the decision was supported by the evidence. See part II.[5]

## II

The defendant's second claim is that the court improperly granted the plaintiff's motion to modify cus-

---

[4] The record discloses that the parties and counsel for the child had filed more than 150 motions with the court between the judgment of dissolution and the judgment modifying custody.

[5] We decline the defendant's invitation to read the hearing transcript consisting of approximately 500 pages to find the allegations of partiality that he lists in his brief. The defendant's brief does not comply with the rules of practice.

Practice Book § 67-4 (d) provides in relevant part: "The argument, divided under appropriate headings into as many parts as there are points to be presented, with *appropriate references to* the statement of facts or to *the page or pages of the transcript* or to the relevant document. The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied." (Emphasis added.)

This court is not required to read the transcript, although it may do so in a proper case. See Practice Book § 67-1; *Mikolinski* v. *Commissioner of Motor Vehicles*, 55 Conn. App. 691, 696, 740 A.2d 885 (1999), cert. denied,

tody without finding a material change in circumstances. We conclude that the court did not abuse its discretion when it granted the plaintiff's motion.

"The authority to render orders of custody and visitation [is] found in General Statutes § 46b-56, which provides in part: (a) In any controversy before the superior court as to the custody or care of minor children . . . the court may at any time make or modify any proper order regarding . . . custody and visitation . . . . (b) In making any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child . . . . Before a court may modify a custody order, it must find that there has been a material change in circumstance since the prior order of the court, but the ultimate test is the best interests of the child. . . . The sole question is whether the trial court abused its discretion in deciding that the best interests of the child would be served by [granting the plaintiff's motion]. The trial court had the advantage of observing the witnesses and the parties. Considerable evidence was presented concerning the activities of the parties since [the dissolution of the marriage]. In circumstances like these, whether the best interests of the [child] dictate a change of custody is left to the broad discretion of the trial court. . . . A mere difference of opinion or judgment cannot justify the intervention of this court. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." (Citations omitted; internal quotation marks omitted.) *Lane* v. *Lane*, 64 Conn. App. 255, 256–57, 779 A.2d 859 (2001).

On the basis of our review of the record, we conclude that the court did not abuse its discretion when it concluded that the facts found constituted a material

252 Conn. 922, 747 A.2d 518 (2000). It is not the duty of this court to construct the defendant's appeal.

change in circumstances and ordered sole custody of the child to be with the plaintiff.

## III

The defendant's third claim is that the court improperly denied his motion to strike the plaintiff's motion to modify custody. We agree with the court that a motion to strike does not apply to a motion to modify custody.

This court's standard of review of claims concerning a motion to strike is plenary. *Barasso* v. *Rear Still Hill Road, LLC,* 64 Conn. 9, 12, 779 A.2d 198 (2001). Practice Book § 10-39 (a) provides that a party wanting to contest the legal sufficiency of a complaint, counterclaim, cross claim or any counts contained therein or a prayer for relief, the joining of two or more causes of action or the legal sufficiency of an answer may file a motion to strike. A motion for modification of custody does not fall within the ambit of Practice Book § 10-39. The court therefore did not improperly deny the defendant's motion to strike.

## IV

The defendant's next claim is that the court improperly granted an oral motion in limine made by the minor child's counsel in violation of Practice Book § 15-3,[6]

---

[6] Practice Book § 15-3 provides: "The judicial authority to whom a case has been assigned for trial may in its discretion entertain a motion in limine made by any party regarding the admission or exclusion of anticipated evidence. If a case has not yet been assigned for trial, a judicial authority may, for good cause shown, entertain the motion. Such motion shall be in writing and shall describe the anticipated evidence and the prejudice which may result therefrom. Al interested parties shall be afforded an opportunity to be heard regarding the motion and the relief requested. The judicial authority may grant the relief sought in the motion or such other relief as it may deem appropriate, may deny the motion with or without prejudice to its later renewal, or may reserve decision thereon until a later time in the proceeding."

which requires that motions in limine be made in writing.

"[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and . . . evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of a substantial prejudice or injustice." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Caldrello*, 68 Conn. App. 68, 76–77, 789 A.2d 1005, cert. denied, 260 Conn. 903, 793 A.2d 1088 (2002).

Prior to the hearing on the motion to modify custody, the plaintiff filed a motion in limine pursuant to Practice Book § 15-3. The purpose of the motion was to preclude testimony from an expert witness who had provided treatment to the plaintiff and the minor child. The plaintiff claimed that any communication between the expert and herself was privileged pursuant to statute and that any testimony the expert might give with respect to the child was irrelevant and stale. The court heard argument on the motion during the hearing on the motion to modify. At that time, counsel for the child supported the motion in limine with respect to the child. The defendant admitted that the expert had not seen the child for more than one year. The court granted the motion in limine. We conclude that the court did not abuse its discretion in granting the motion and that our rules of practice permitted counsel for the child to be heard on the motion. See Practice Book § 15-3.

V

The defendant's last claim is that the court improperly permitted counsel for the minor child to assert the child's privilege under § 52-146c (3) against him with respect to testimony about medical treatment the child

had received without appointing a guardian ad litem for the child. We do not agree.

The defendant's claim arises out of his previous claim regarding the plaintiff's motion in limine. See part IV. In essence, the defendant claims that the court should not have permitted the child's counsel to support the motion in limine to protect the confidentiality of the child's treatment over the defendant's desire to put the substance of that treatment into evidence. That claim is controlled by our Supreme Court's decision in *Ireland* v. *Ireland*, 246 Conn. 413, 435–40, 717 A.2d 676 (1998) (en banc).

General Statutes § 46b-54 provides in relevant part: "(a) The court may appoint counsel for any minor child . . . if the court deems it to be in the best interests of the child . . . . (b) Counsel for the child . . . may also be appointed . . . when the court finds that the custody, care, education, visitation or support of a minor child is in actual controversy . . . where it finds immediate action necessary in the best interests of any child. (c) Counsel for the child . . . shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child . . . ."

"The purpose of appointing counsel for a minor child . . . is to ensure independent representation of the child's interests, and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation. *Schult* v. *Schult*, [241 Conn. 767, 778, 699 A.2d 134 (1997)]." (Internal quotation marks omitted.) *Ireland* v. *Ireland*, supra, 246 Conn. 436. "We conclude that such representation is . . . the type of representation enjoyed by unimpaired adults. In other words, the attorney for the child is just that, an *attorney*, arguing on behalf of his or her client, based on the evidence in

the case and the applicable law. . . . Thus, an attorney for a minor child shall be heard in a similar manner as most other attorneys are heard, that is, through such methods as written briefs, questioning of witnesses, oral arguments, and other proceedings that take place during the course of a trial." (Emphasis in original.) Id., 438–39.[7]

On the basis of our review of the court's findings and *Ireland*, we conclude that the court properly permitted the minor child's attorney to assert the child's statutory privilege with respect to her treatment records.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] We are mindful that *Ireland* distinguishes the roles of an attorney for a minor child and a guardian ad litem for a minor child. The defendant here did not seek to have the court appoint a guardian ad litem for his daughter.

