## REGINA E. LANE *v.* KENNETH H. LANE
## (AC 24451)

Schaller, Bishop and Dupont, Js.

Argued May 26—officially released August 24, 2004

*Regina E. Link-Lane*, pro se, the appellant (plaintiff).

*Brian A. Desautels*, for the minor children.

*Robert A. Smith*, certified legal intern, with whom were *James A. Trowbridge*, guardian ad litem, and, on the brief, *David A. Roemer*, certified legal intern, for the minor children.

### Opinion

PER CURIAM. The plaintiff, Regina E. Lane, appeals from two orders of the trial court rendered on June 26 and 27, 2003, in connection with the parties' acrimonious dissolution and custody proceedings. The plaintiff claims that the court improperly (1) scheduled a hearing that continued on different days, (2) issued orders prior to the conclusion of the trial, (3) did not issue orders in the best interests of the children, (4) issued ambiguous orders, (5) ruled against the weight of the evidence and (6) displayed bias in conducting its hearings. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The

parties' marriage was dissolved on July 18, 1997. In the dissolution judgment, the court granted custody to the plaintiff with visitation rights to the defendant. After encountering difficulties in availing himself of his visitation rights, the defendant filed motions to modify the custody arrangement. On April 12, 1999, the court found that a material change in circumstances existed that was sufficient to warrant a change in custody. The court ordered custody to the defendant, and its order was affirmed by this court. See *Lane* v. *Lane*, 64 Conn. App. 255, 779 A.2d 859 (2001).

Since that ruling, the parties filed several related motions. The motions relating to this appeal include the plaintiff's motions for modification and for relief from abuse and the defendant's motions for modification and for contempt.[1] As a result of those motions, the court held a hearing on June 26 and 27, 2003. At that hearing, the plaintiff's father testified that he is a licensed psychologist and had conducted family group therapy sessions with the plaintiff and her children. In addition, there was testimony that the children had been encouraged to run away from the defendant's home.

The court issued two interim orders in the course of that hearing, one ordering the plaintiff not to allow the children to be in the presence of any persons who might encourage the children to run away from the defendant's home, and another ordering the plaintiff (1) to comply with the defendant's wishes in the event that he saw fit to prohibit the children from contact with their maternal grandparents and (2) to discontinue "family group counseling sessions" run by the plaintiff's father. The plaintiff appealed from those orders.

I

The plaintiff's first set of claims relate to the alleged impropriety in the procedural administration of the

[1] The docket sheet reveals more than 150 motions since the dissolution of marriage judgment was rendered.

hearing and the issuance of the orders. The plaintiff claims that the court abused its discretion in holding the hearing related to the motions over a two day period and by issuing orders prior to the conclusion of the hearing. We disagree.

We address those two claims together. The court inherently holds reasonable control over its schedule. *State* v. *Hamilton*, 228 Conn. 234, 239, 636 A.2d 760 (1994). Here, due to the court's schedule, the hearing, estimated to last more than the available time on June 26, 2003, had to be adjourned and resumed on June 27, 2003. We can see no reason why it would be an abuse of the court's discretion to hold the hearing over two days. Similarly, it is axiomatic that a judge has the ability to issue interim orders. See *In re Alexander C.*, 60 Conn. App. 555, 557, 760 A.2d 532 (2000). Our Supreme Court has expressly affirmed the necessity of interim orders in the best interests of children in dissolution proceedings. *Yontef* v. *Yontef*, 185 Conn. 275, 293–94, 440 A.2d 899 (1981).

We next address the plaintiff's claim that the court, in its orders, failed to consider the best interests of the children, as dictated by *Yontef* v. *Yontef*, supra, 185 Conn. 275, and *Ahneman* v. *Ahneman*, 243 Conn. 471, 706 A.2d 960 (1998). An order of the court will be affirmed if it is legally correct and finds support in its factual findings. It will be overturned only on a showing of abuse of the court's discretion. *Yontef* v. *Yontef*, supra, 293. After a review of the record and transcripts of this case, it is clear that the court made its findings on the basis of a careful analysis of all the pertinent facts and the relevant proceedings. Its orders were based solely on concern for the children's best interests, and the court properly evaluated the evidence. The court did not abuse its discretion in issuing its interim orders.

The plaintiff further claims that the court issued ambiguous orders. The court's order of June 26, 2003, states: "The court orders that the plaintiff shall not permit the children to be in the presence of any party that she knows or she believes they might tell the children to run away from their father's home. Parties are not to discuss this case with the minor children."

The court's order of June 27, 2003, states: "The court orders that if the defendant deems it necessary to terminate any contact between the minor children and the maternal grandparents, then the plaintiff is ordered to comply with the defendant's wishes. The plaintiff is ordered not to allow the children to be in the 'family group counseling sessions' with her father anymore. If she allows any more of these sessions to take place, this court will most likely terminate the visitation." Those orders are legally and practically as straightforward as possible. There is no ambiguity.

The plaintiff further claims that the court improperly ruled against the weight of the evidence. After reviewing the transcript of the proceedings, we do not agree. The court made a reasoned decision on the basis of the evidence that was presented. The court's discretion in family matters is afforded more deference, as "[t]rial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." (Internal quotation marks omitted.) *Yontef* v. *Yontef*, supra, 185 Conn. 279. We decline to interfere with that discretion in this case. After a review of the transcript, we conclude that the court acted well within its discretion in finding facts and issuing orders.

## II

The plaintiff's final claims relate to alleged bias on the part of the court in conducting the proceedings.

The plaintiff does not present any factual support for her claim of bias. In addition, "[i]t is a well settled general rule that courts will not review a claim of judicial bias on appeal unless that claim was properly presented to the trial court via a motion for disqualification or a motion for mistrial." *Gillis* v. *Gillis*, 214 Conn. 336, 343, 572 A.2d 323 (1990). A review of the record and transcript reveals no such preservation; furthermore, such a claim, on its merits, such as they are, would appear to be groundless.

The judgment is affirmed.