******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

M. B. *v.* S. A.*
(AC 42237)

DiPentima, C. J., and Lavine and Bishop, Js.

*Syllabus*

The plaintiff, who previously had filed an application for joint custody of
his minor child with the defendant, to whom he was never married,
appealed to this court from orders of the trial court granting certain
postjudgment motions for contempt filed by the defendant and awarding
her attorney's fees. After the trial court awarded sole legal and primary
physical custody of the parties' minor child to the defendant and ordered
the plaintiff to pay child support to the defendant, the plaintiff filed a
separate appeal from that judgment. While that appeal was pending, the
trial court granted multiple postjudgment motions for contempt filed
by the defendant for the plaintiff's failure to make, inter alia, child
support payments, and ordered the plaintiff to pay attorney's fees
incurred by the defendant in litigating her motions for contempt. On
appeal, the plaintiff claimed that the trial court erred in finding him in
contempt for nonpayment of support orders while those orders were
on appeal, prioritizing the resolution of motions for contempt over a
pending motion pertaining to visitation, failing to consider his financial
affidavits, awarding attorney's fees to the defendant and accepting the
defendant's affidavits of fees with incorrect docket numbers. *Held*:
1. The trial court did not abuse its discretion in granting the defendant's
   postjudgment motions for contempt against the plaintiff for his failure
   to make timely support payments; the plaintiff having failed to file a
   motion for a stay of the support orders during the pendency of the
   appeal, his weekly support payments were still due as scheduled.
2. The trial court did not abuse its discretion in scheduling and adjudicating
   the defendant's postjudgment motions for contempt before resolving
   the defendant's motion for modification of visitation; that court had
   broad discretion to manage its docket and resolve cases as it saw fit,
   and the record did not reveal, nor did the plaintiff point to, any evidence
   establishing that the court's decision was unreasonable, as it was reason-
   able for the court to dispose of motions in the manner it considered to
   be most efficient, especially given the number of motions filed by both
   parties throughout this case.
3. The plaintiff could not prevail on his claim that the trial court erred in
   not considering his financial affidavits in ruling on the defendant's
   motions for contempt; it was plain from the record that the court did
   consider the evidence the plaintiff presented but found his affidavits
   and testimony to be not credible, and that he had the ability to pay his
   portion of ordered child care expenses, and because the court had the
   sole discretion to assign weight to the evidence, it was free to make
   that credibility determination, and it did not abuse its discretion in
   finding the plaintiff in contempt for failing to make support payments.
4. The trial court did not abuse its discretion in ordering the plaintiff to
   pay attorney's fees incurred by the defendant in connection with her
   postjudgment contempt motions; although the plaintiff claimed that a
   ruling of the court regarding arrearages had the effect of vacating the
   contempt orders underlying the arrearages, the court's order vacating
   any findings of arrearages, which was made in accordance with this
   court's decision in the plaintiff's separate appeal, did not trigger a retro-
   active vacation of the underlying contempt orders or the related sanc-
   tions, and, thus, the contempt orders stayed intact.
5. The trial court did not abuse its discretion by accepting certain financial
   affidavits that had been filed by the defendant under incorrect docket
   numbers; a scrivener's error such as an incorrect docket number consti-
   tutes a circumstantial defect and does not deprive the trial court of juris-
   diction.

Argued October 10—officially released December 10, 2019

*Procedural History*

Application for custody of the parties' minor child, brought to the judicial district of Stamford-Norwalk and transferred to the judicial district of New Haven, where the court, *Tindill, J.*, rendered judgment in favor of the defendant; thereafter the court granted the defendant's motions for contempt and awarded her attorney's fees, and the plaintiff appealed to this court. *Affirmed.*

*M. B.*, self-represented, the appellant (plaintiff).

*David M. Moore*, for the appellee (defendant).

*Opinion*

BISHOP, J. The self-represented plaintiff, M. B., appeals from the trial court's orders, rendered in a child custody action, granting certain postjudgment motions for contempt filed by the defendant, S. A., and awarding her attorney's fees as a sanction against the plaintiff. Specifically, the plaintiff contends that the court erred in (1) finding him in contempt for nonpayment of support orders when the support orders were on appeal, (2) prioritizing the resolution of motions for contempt over a simultaneously pending motion pertaining to child visitation (3) failing to consider financial affidavits he had submitted, (4) awarding the defendant attorney's fees in connection with the granted contempt motions, and (5) accepting the defendant's affidavits of fees with incorrect docket numbers. We affirm the judgment of the trial court.

The following facts, as evidenced by the record, and procedural history are relevant to this appeal. The plaintiff and the defendant are an unmarried couple who are the parents of their minor child, born in June, 2014. After the child's birth, the plaintiff filed an action seeking joint legal custody of the child. By way of a memorandum of decision issued on September 7, 2016, the trial court, *Tindill, J.*, awarded sole legal and primary physical custody to the defendant. The award provided for the plaintiff to have parenting time on weekends, restricted entirely to the town of Greenwich. The plaintiff, who resided in New York City at the time, thereafter rented an apartment in Greenwich solely to exercise parenting time with his child. The award further ordered the plaintiff to pay $253 per week to the defendant in child support payments. Additionally, the court granted a number of motions for contempt filed by the defendant that were predicated on the plaintiff's failure to pay unreimbursed medical expenses and work-related child care, as ordered pendente lite, and the court calculated an arrearage. On November 18, 2016, the court issued a corrected memorandum of decision in which, inter alia, it corrected various grammatical and calculation errors.

Prior to the issuance of the corrected memorandum of decision on November 18, 2016, the plaintiff filed an appeal on September 22, 2016, asking this court to consider whether the trial court erred in not considering how its orders impacted his rental expenses for the Greenwich apartment that he is required to maintain to have parenting time with his child.

During the pendency of that appeal, between October, 2016 and June, 2017, the defendant filed multiple postjudgment motions for contempt against the plaintiff for failing to make both arrearage payments and child support payments as required by the September 7, 2016 support orders. On June 16, 2017, the court ordered the

defendant to submit an affidavit regarding attorney's fees she had incurred in pursuing her postjudgment motions for contempt.

On December 11, 2017, the court granted one of the defendant's motions for contempt, filed on October 17, 2016, finding that the plaintiff had failed to pay his required share of the work-related child care expenses. Following the plaintiff's failure to pay the arrearage by the date set by the court, January 31, 2018, the court ordered the plaintiff to be incarcerated, setting a purge amount of $15,000. The plaintiff paid the purge amount that same day and was released from custody. On April 16, 2018, the court granted four more of the defendant's postjudgment motions for contempt, two of which were filed on December 21, 2016, and two others that were filed on March 9, 2017, determining that the plaintiff had failed to pay work-related child care costs, unreimbursed medical expenses, child support payments, and child support arrearages.

In May, 2018, this court issued its decision in the prior appeal. This court determined that the trial court had abused its discretion in failing to analyze whether the plaintiff's significant visitation expenses warranted a deviation from the child support guidelines and remanded the matter for a new hearing on this issue. This court otherwise affirmed the judgment of the trial court.

Also in May, 2018, the trial court issued an order vacating its findings of arrearages with respect to the expenses underlying the defendant's postjudgment motions for contempt.[1] On October 15, 2018, the trial court ordered $9825 in attorney's fees to be paid by the plaintiff in connection with expenses incurred by the defendant for litigating those same motions for contempt. This appeal followed. Additional facts and procedural history will be set forth as necessary.

We first set forth the applicable standard of review. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . .

"[Further, in] determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [W]e do not review the evi-

dence to determine whether a conclusion different from the one reached could have been reached." (Citations omitted; internal quotation marks omitted.) *Stewart* v. *Stewart*, 57 Conn. App. 335, 336–37, 748 A.2d 376, cert. denied, 253 Conn. 918, 755 A.2d 216 (2000).

I

On appeal, the plaintiff claims that the court abused its discretion by granting the defendant's postjudgment motions for contempt against him for failing to make required support payments, as set forth in the September 7, 2016 support orders, while the plaintiff's appeal of the support orders was pending. We disagree.

It is well established in our case law that filing an appeal from a family support order does not automatically stay the order's payment requirements. See *Wolyniec* v. *Wolyniec*, 188 Conn. App. 53, 55 n.2, 203 A.3d 1269 (2019); see also Practice Book § 61-11.[2] Therefore, if a party in a family matter wishes the court to stay a family support order during an appeal, that party must file a motion to stay the order pursuant to § 61-11 (c).

Here, the support orders at issue were entered on September 7, 2016, and the plaintiff filed his appeal from the support orders on September 23, 2016. The plaintiff never moved for a stay of the court's support orders and, as a result, his weekly support payments were still due as scheduled. Accordingly, the court did not abuse its discretion in granting the defendant's postjudgment motions for contempt against the plaintiff for his failure to make timely support payments.

II

The plaintiff's second claim is that the court abused its discretion when it scheduled and adjudicated the defendant's postjudgment motions for contempt before resolving the defendant's motion for modification of the visitation schedule. Specifically, the plaintiff claims that because the court appeared to prioritize the resolution of the motions for contempt over the motion to modify the visitation schedule, the court abused its discretion. This claim is baseless.

It is well recognized that "[t]he trial court has a responsibility to avoid unnecessary interruptions, to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice. . . . In addition, matters involving judicial economy, docket management [and control of] courtroom proceedings . . . are particularly within the province of a trial court." (Internal quotation marks omitted.) *Yuille* v. *Parnoff*, 189 Conn. App. 124, 128, 206 A.3d 766, cert. denied, 332 Conn. 902, 208 A.3d 659 (2019). "The court inherently holds reasonable control over its schedule." *Lane* v. *Lane*, 84 Conn. App. 651, 654, 854 A.2d 815 (2004).

Here, the plaintiff claims that the court abused its

discretion when it held hearings to resolve the defendant's numerous contempt motions filed immediately following the court's November 18, 2016 corrected memorandum of decision, but prior to the resolution of the defendant's motion for modification of visitation. The guardian ad litem filed a motion for contempt against the plaintiff on December 20, 2016. The defendant's postjudgment motions for contempt at issue were filed on December 21, 2016, and March 9, 2017. The defendant's motion for modification, filed January 30, 2017, was first scheduled for a hearing on March 20, 2017, and was thereafter continued to May 8, 2017, and then to November 27 through 29, 2017. On November 27, 2017, the defendant filed a motion for a continuance, and the court reassigned the hearing on the motion for modification to December 27 through 29, 2017.

In the meantime, the court scheduled a hearing on May 11, 2017, to hear the postjudgment motions for contempt filed against the plaintiff by the defendant and the guardian ad litem. The hearing relevant to the guardian ad litem's motion for contempt concluded on June 16, 2017, and the motion was granted on December 3, 2017. The hearing relevant to the defendant's motions for contempt at issue concluded on July 14, 2017, and the motions were later granted on December 11, 2017, April 16, 2018, and April 17, 2018.

As we have noted, the court has broad discretion to manage its docket and resolve cases as it sees fit. See *Yuille* v. *Parnoff*, supra, 189 Conn. App. 128. In this instance, the court scheduled and concluded its hearings on the motions for contempt prior to scheduling a hearing on the motion for modification. However, the record does not reveal, nor has the plaintiff pointed to, any evidence establishing that the court's decision to manage the docket in this manner was unreasonable. Indeed, given the number of motions filed by both parties throughout this case, it is reasonable for the court to dispose of motions in the manner it considers to be most efficient. Therefore, although we acknowledge that some of the motions for contempt chronologically were filed after the motion for modification, the trial court nevertheless had broad discretion to hear pending motions in the order it deemed most appropriate in this case. Accordingly, the court did not abuse its discretion.

### III

The plaintiff's third claim is that the court erred in "not considering [the plaintiff's] financial affidavit[s]" in ruling on the defendant's motions for contempt. Specifically, the plaintiff claims that, had the court considered properly his affidavits, it could not have reasonably concluded that his nonpayment of the required support payments was wilful because his finances were insufficient to afford his support obligations. We disagree.

"It is well established that [i]n a case tried before a

court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony . . . and the trial court is privileged to adopt whatever testimony [she] reasonably believes to be credible. . . . On appeal, we do not retry the facts or pass on the credibility of witnesses." (Internal quotation marks omitted.) *Bay Hill Construction, Inc.* v. *Waterbury*, 75 Conn. App. 832, 837–38, 818 A.2d 83 (2003).

Despite the plaintiff's urgings, there is no necessary correlation between the plaintiff's disagreement with the court's orders and the question of whether the court considered the plaintiff's affidavits in framing its orders. Also, at various points the court stated that, while it did review the evidence submitted on the plaintiff's behalf, it found the plaintiff's affidavits and testimony to not be credible. In the court's October 6, 2016 memorandum of decision issued in response to a motion for articulation filed by the plaintiff regarding the court's determination of the plaintiff's minimum net annual earning capacity, the court found that, at trial, "(1) the [plaintiff's] testimony regarding his current earnings, living expenses, debts and liabilities, financial resources and assets was neither forthcoming nor honest, and (2) the information on the [plaintiff's] sworn financial affidavits regarding his income from employment and expenses was not truthful." Additionally, in ruling on the defendant's motions for contempt on December 11, 2017, the court affirmed its finding that the plaintiff had the ability to pay his portion of ordered child care expenses.[3] The court stated: "The [p]laintiff's testimony and evidence regarding his personal and business income, profit, business expenses, accounting, debts, and liabilities are not credible. . . . There is no credible evidence before the [c]ourt regarding how the [p]laintiff meets his monthly personal and business expenses."

Because it is plain from the record that the evidence the plaintiff presented was, indeed, considered by the court, though not necessarily credited, and because the judge had the sole discretion to assign weight to the evidence, the court here was free to find the plaintiff's testimony and evidence not to be credible. Accordingly, the court did not abuse its discretion in finding the plaintiff to be in contempt for failing to make support payments.

IV

The plaintiff's fourth claim is that the court erred in awarding the defendant attorney's fees in connection with the granted contempt motions. Specifically, the plaintiff asserts that the court's May 15, 2018 ruling regarding arrearages had the effect of vacating the contempt orders underlying the arrearages assigned by the court on April 16, 2018. The plaintiff therefore claims that the court abused its discretion when it ordered him to pay the legal fees incurred by the defendant in

connection with her postjudgment contempt motions filed between October 31, 2016, and September 10, 2018. We disagree.

The plaintiff's contention that the court vacated its contempt orders is simply incorrect. The court's May 15, 2018 order provides: "In light of the Appellate Court decision . . . the court hereby vacates *any findings of arrearages* of child support, childcare expenses, and unreimbursed medical expenses with respect to defendant's postjudgment motions for contempt # 258.01, # 258.02, # 263, and # 266." (Emphasis added.) The vacation of the arrearage amount in this instance does not trigger a retroactive vacation of the underlying contempt orders or the related sanctions. Therefore, while the arrearage amounts owed by the plaintiff were vacated pursuant to the order, the contempt orders themselves remained intact, along with the attorney's fee sanctions subsequently imposed on October 15, 2018. Accordingly, the court did not abuse its discretion.

V

The plaintiff's fifth and final claim on appeal is that the court "erred in accepting affidavits of fees with incorrect docket number[s]." We disagree.

General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

"Furthermore, our Supreme Court has held that the use of an incorrect docket number is a circumstantial defect. In *Plasil* v. *Tableman*, 223 Conn. 68, 612 A.2d 763 (1992), our Supreme Court reviewed whether a trial court had subject matter jurisdiction to grant prejudgment remedies in a case in which an incorrect docket number that referred to a previously dismissed case was used. The court held that [t]he failure to collect an entry fee for the re-served complaint or to assign it a new docket number did not deprive the court of jurisdiction or presumptively prejudice the defendants. To strip the plaintiff of her prejudgment remedies would neither facilitate the business of the court nor advance justice, but rather would serve merely to exalt technicalities above substance." (Internal quotation marks omitted.) *State* v. *Gillespie*, 92 Conn. App. 143, 152–53, 884 A.2d 419 (2005).

Here, the plaintiff argues that because the defendant misfiled three affidavits of fees under incorrect docket numbers, the court "abused its power" in accepting those affidavits in connection with the present case. It is clear that a scrivener's error such as an incorrect docket number will not deprive the court of jurisdiction, as it constitutes merely a circumstantial defect. See General Statutes § 52-123. Therefore, the court did not

abuse its discretion by accepting the financial affidavits submitted by the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of family violence, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The order provides as follows: "In light of the Appellate Court decision . . . the court hereby vacates any findings of arrearages of child support, childcare expenses, and unreimbursed medical expenses with respect to defendant's postjudgment motions for contempt # 258.01, # 258.02, # 263, and # 266."

[2] Practice Book § 61-11 (c) provides in relevant part: "Unless otherwise ordered, no automatic stay shall apply to . . . orders of periodic alimony, support, custody or visitation in family matters brought pursuant to chapter 25 . . . . The automatic orders set forth in Section 25-5 (b) (1), (2), (3), (5) and (7) shall remain in effect during any appeal period and, if an appeal is filed, until the final determination of the cause unless terminated, modified or amended further by order of a judicial authority upon motion of either party."

[3] The court supported this determination by explaining that the evidence established that "[t]he [p]laintiff's business . . . of which he is 100 [percent] owner, president, and only employee, loaned him $242,789 according to his April 28, 2017 financial affidavit ([p]laintiff's exhibit 4). Further, the [p]laintiff has paid for discretionary, noncourt-ordered debts and liabilities in full since September, 2016."